**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3028-17T4

EVELYN GUZMAN, ALYSSA
CAPALDI, AMBER CARFAGNO,
KAMEISHA JOHNSON, KAREEMA
JOHNSON, I'YAHNA LEWIS,
SHEMAIAH PRICE, KIARA BROOKS,
JESSICA SILVA, NACHALEE
ANDUJAR, KIANNA MARQUEZ,
and EUGENIA SANTIAGO,

      Plaintiffs-Appellants,

v.

SC ACADEMY HOLDINGS, INC.,
STAR CAREER ACADEMY,
QUAD PARTNERS, CULINARY
ACADEMY OF LONG ISLAND,
INC., CULINARY ACADEMY OF
NEW YORK, INC., MICHAEL
IANNACONE, MICHAEL S.
LEVITT, TIM JAMES, ROBERT
EMME, COLEEN LEARD,
MCHELLE MUMMA, RICHARD
LINCOLN, CAROL HANNON,
JENNIFER DIMEDIO, RHONDA
TERWILLIGER, RON PINO,
SHEILA STOKES, CHERYL
ACKEY, and AMY TORRES,

Defendants-Respondents.

_____

Submitted March 19, 2019 – Decided April 18, 2019

Before Judges Fisher and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0780-15.

Robert J. O'Shea, Jr., attorney for appellants.

Greenberg Traurig, LLP, attorneys for respondents SC Academy Holdings, Inc., Star Career Academy, Culinary Academy of Long Island, Inc., Culinary Academy of New York, Inc., Michael Iannacone, Michael S. Levitt, Tim James, Robert Emme, Colleen Leard, Michele Mumma, Richard Lincoln, Jennifer DiMedio, Rhonda Terwilliger, Ron Pino, Sheila Stokes, Cheryl Ackey, and Amy Torres (David Jay, Jason H. Kislin and Paige S. Nestel, on the brief).

Orloff, Lowenbach, Stifelman & Siegel, PA and Arthur H. Aufses, III (Kramer Levin Naftalis & Frankel LLP) of the New York Bar, admitted pro hac vice, attorneys for respondent Quad Partners, LLC (Laurence B. Orloff, on the brief).

PER CURIAM

Plaintiffs appeal from several Law Division orders dismissing their claims against defendants Star Career Academy, SC Academy Holdings, Inc., Culinary Academy of Long Island, Inc., Culinary Academy of New York, Inc. (collectively Star), fourteen individual Star employees (collectively the Star

individual defendants), and Quad Partners, LLC (Quad), for violation of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, breach of contract, breach of warranty, misrepresentation, and strict liability.  All claims relate to plaintiffs' enrollment in Star's surgical technician (ST) program.  For the following reasons, we affirm in part and vacate and remand in part.

Star and its affiliates own and operate for-profit schools, including the institution at issue that trains students to become employed as STs.  In 2011, the Legislature enacted N.J.S.A. 26:2H-12.63 (the ST law), addressing five paths for employment as an ST by a health care facility in New Jersey.  One path is successful completion of a "nationally or regionally accredited educational program for surgical technologists."  N.J.S.A. 26:2H-12.63(a).  Another path is to obtain a "certified surgical technologist credential administered by the National Board of Surgical Technology and Surgical Assisting or its successor, or other nationally recognized credentialing organization."  N.J.S.A. 26:2H-12.63(b).

There are two types of higher education accreditation:  programmatic and institutional.  The Commission on Accreditation of Allied Health Education Programs (CAAHEP) and the Accrediting Bureau of Health Education Schools (ABHES) are the only nationally recognized accreditors of ST programs.  Star

3

did not receive programmatic accreditation from either CAAHEP or ABHES. The Accrediting Commission of Career Schools and Colleges (ACCSC) is approved by the United States Department of Education (USDOE) to give institutional accreditation, but is not authorized to give programmatic accreditation to an ST program. In August 2010, the ACCSC recognized Star as an accredited institution.

The Polonco Class Action.

Because our recent ruling in a related class action impacts the decisions rendered by the trial court in this matter, we briefly discuss the pertinent facts and procedural history in that separate class action, Polonco v. Star Career Academy, No. A-3756-15 (App. Div. July 26, 2018).[1] Shirley Polonco enrolled in Star's ST program before the ST law was enacted. Id. at 7. After the law was enacted, Polonco asked the director of the program if the ST law would affect her ability to gain employment as a ST. Ibid. The director assured her graduating from Star's program would qualify her under the ST law. Ibid. The director of externships also told Polonco that Star's ST program was accredited.

---

[1] While unpublished opinions do not constitute precedent and are not binding on any court, Rule 1:36-3, we cite our unpublished opinion in Polonco because it vacated the trial court's order certifying the class in that action. The class certification in Polonco was the basis for the dismissal of the majority of the claims raised in the Guzman and Silva actions.

A-3028-17T4

Ibid. Other students also questioned Star admissions officers regarding how the ST law would affect them. Ibid. The admissions officers discussed the accreditation issues with their subordinates and "instructed them to 'sell the program as best as [they] could.'" Ibid. (alteration in original).

As we described in Polonco:

> A year after the ST law was enacted, an entire class of ST students withdrew from the program "in protest" because the Association of Surgical Technologists (AST), a national organization representing the profession, told them that the program was worthless. According to a Star administrator, admissions officers gave inaccurate information to students on the ST law and accreditation requirements.
>
> In August 2012, John A. Calabria of the New Jersey Department of Health (DOH) issued a memorandum addressing programmatic accreditation under the ST law that stated, "If a[n] [ST] program is listed as accredited [by the USDOE] . . . , then it is compliant with [the ST law]." Two months after Calabria's memorandum, an AST representative emailed Star that, to comply with the ST law, programmatic accreditation was necessary and that an ST program should only be considered regionally or nationally accredited for purposes of the ST law if it was accredited by CAAHEP or ABHES. Star's CEO and president disagreed with AST's understanding of the ST law, explaining that it was sufficient if a school had institutional accreditation rather than programmatic accreditation and that accreditation by ABHES or CAAHEP was unnecessary.

A-3028-17T4

According to plaintiff, the National Center for Competency Testing (NCCT) administered testing to graduates of ST programs, but was not nationally recognized as required by N.J.S.A. 26:2H-12.63(b). NCCT recognized Star's ST program as approved for the "tech in surgery-certified" certification exam; in other words, graduates of the Star ST program were eligible for the exam. However, because NCCT was not nationally recognized under the ST law, they added a disclaimer to their website indicating that their exam was not accepted in New Jersey. . . .

. . . [Calabria] later recognized that institutional accreditation was not sufficient and programmatic accreditation was necessary. A supplemental memorandum reflecting Calabria's change in knowledge was never issued.

[(Id. at 7-9).]

Three years after enrolling, Polonco filed a class action complaint against Star alleging Star violated the CFA by misrepresenting information about the accreditation of its ST program. Id. at 9-10. The proposed class was comprised of "all individuals who were enrolled in [Star's ST program] for surgical technician training to take place in the State of New Jersey as of June 29, 2011 and thereafter." Id. at 10. The trial court certified the proposed class over Star's objection, and appointed Polonco class representative. Id. at 11. The court denied Star's subsequent motion to decertify the class. Ibid.

A-3028-17T4

The case proceeded to trial and the jury returned a verdict in favor of the class. Ibid. Star appealed, arguing the trial court improperly certified the class because common issues did not predominate over issues affecting individual class members as required by Rule 4:32-1(b)(3). Id. at 18. We agreed, concluding "the individualized factual inquiries surrounding Star's misrepresentations and the nexus between those misrepresentations and omissions and the class members' ascertainable loss compels decertification." Id. at 22. We decertified the class, vacated the final judgment and remanded for retrial. Id. at 27, 31.

The Guzman and Silva Actions.

Evelyn Guzman, Alyssa Capaldi, Amber Carfagno, Kameisha Johnson, Kareema Johnson, I'Yahna Lewis, Shemaiah Price, and Kiara Brooks filed their action against defendants on February 25, 2015 (the Guzman Action). On March 17, 2015, additional former Star students Jessica Silva, Nachalee Andujar, Kianna Marquez, and Eugenia Santiago filed a similar complaint against defendants and Quad (the Silva Action).

The trial court consolidated the Guzman and Silva Actions. Star and the Star individual defendants filed several rounds of Rule 4:6-2(e) dismissal motions before any discovery was undertaken.

A-3028-17T4

Star moved to dismiss the Guzman Action under Rule 4:6-2(e); it argued plaintiffs were part of the Polanco class and could not file a separate action. Plaintiffs asserted they were not Polanco class members because they did not receive notice of the class action and, thus, were not advised of their right to opt out of the class. The trial court denied the motion to dismiss without prejudice.[2]

One month later, Star again moved to dismiss plaintiff's claims in the Guzman and Silva Actions under Rule 4:6-2(e). On September 18, 2015, the trial court granted the motion in part, dismissing the claims against Star with prejudice as to all plaintiffs – except Guzman – because they were members of the class in Polanco, and their claims were deemed duplicative.[3] Plaintiffs' motion for reconsideration was denied on December 4, 2015.

In January 2016, Star again moved for dismissal of the Guzman and Silva Actions.[4] The motion also sought dismissal of plaintiffs' claims against certain sales representatives. On March 11, 2016, the trial court entered a handwritten order addressing various motions. Despite its prior dismissal order, the trial

---

[2] The record does not include a copy of the order.

[3] The parties acknowledge Evelyn Guzman was not a member of the Polanco class.

[4] The record does not include the moving papers.

A-3028-17T4

court dismissed the claims brought by Capaldi, Carfagno, both Johnsons, Lewis, Price, Brooke, Silva, Andujar, Marquez, and Santiago against Star; the contract claims brought by Guzman and others against the Star individual defendants; and all strict liability and educational malpractice claims. With respect to the breach of contract claims against the Star individual defendants, the trial court found the contracts were with "SC Academy or Star Academy or some corporate entity," rather than with the individual employees. Next, the court dismissed any claims based upon strict liability and educational malpractice, explaining that such causes of action were not recognized under New Jersey law.

The court denied the motion to dismiss the CFA and common law fraud claims against the Star individual defendants. The trial court also denied dismissal of the breach of contract and fraud claims brought against Star by the remaining plaintiffs, finding it inappropriate to decide the breach of contract claim because it was "necessarily interwoven with the fraud claim." The trial court stated it would allow discovery to proceed after which Star could renew its application as a summary judgment motion.

The court carried the following aspects of the motions to April 8, 2016: the CFA claims, the common law fraud claims, the vicarious liability claims against Quad, and the exceptions to administrative dismissals due to service of

process issues. The record does not contain a transcript of any proceedings on April 8, 2016.

On May 13, 2016, the court entered a five-part order. In pertinent part, the order: (1) dismissed with prejudice all breach of contract and warranty claims against the Star individual defendants; (2) dismissed without prejudice all CFA and common law fraud claims against the Star individual defendants and Quad; (3) dismissed with prejudice all claims brought by plaintiffs included in the Polanco class list except the claims against Quad; (4) confirmed the plaintiffs in the Guzman and Silva Actions voluntarily dismissed with prejudice all claims against Quad except the CFA and common law fraud claims; and (5) continued Quad's motion to dismiss claims brought by plaintiffs who were Polanco class members to May 23, 2016. While the order states the court placed it reasons on the record on May 13, 2016, the transcript consists of a brief colloquy and does not contain any factual findings or conclusions of law by the trial court.

On May 23, 2016, the trial court granted Quad's motion to dismiss based on res judicata, connecting Quad to the Polanco class action. The court found: (1) the judgment in the Polanco action was valid, final, and on the merits; (2)

plaintiffs' complaint alleged Quad was in privity with the Polanco defendants; and (3) the current action arose from the same transaction and occurrence.

A subsequent June 3, 2016 order dismissed the claims of all plaintiffs in the Guzman and Silva Actions against Quad with prejudice, except the claims made by Guzman, which had been previously dismissed on May 13, 2016.

On January 23, 2018, Guzman executed a stipulation of dismissal, dismissing all of her claims with prejudice.

This appeal followed. Plaintiffs challenge the March 11 and June 3, 2016 orders and the January 23, 2018 stipulation of dismissal.

Plaintiffs argue: (1) defendants misled the trial court regarding dissimilarities between the Guzman and Silva complaints and the Polonco class action complaint; (2) the Polonco class action did not divest the trial court of jurisdiction over the Guzman Action as to Star; (3) the Polonco class action did not divest the trial court of jurisdiction over the Guzman Action as to Quad and the Star individual defendants who were not named defendants in the class action; (4) defendants did not meet their burden of proving the Polonco trial court had exclusive jurisdiction over the Guzman and Silva Actions or that the Polonco opt out notice complied with due process by providing the best practicable notice; (5) the trial court erred by considering unverified evidence

A-3028-17T4

submitted by Star in deciding Star's Rule 4:6-2(e) motion to dismiss; (6) the trial court's ruling overlooked New Jersey's strong policy interest in eradicating fraud; and (7) the trial court erred by dismissing all claims brought by the Guzman Action plaintiffs other than those brought by Evelyn Guzman.

Defendants moved to dismiss the complaint under Rule 4:6-2(e) for "failure to state a claim upon which relief may be granted."  "In considering a motion to dismiss under Rule 4:6-2(e), courts search the allegations of the pleading in depth and with liberality to determine whether a cause of action is '"suggested" by the facts.'"  Rezem Family Assoc., LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)).  The court should "ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary."  Ibid. (quoting Printing Mart-Morristown, 116 N.J. at 746).  "For this purpose, 'all facts alleged in the complaint and legitimate inferences drawn therefrom are deemed admitted.'"  Rieder v. State, 221 N.J. Super. 547, 552 (App. Div. 1987) (quoting Smith v. City of Newark, 136 N.J. Super. 107, 112 (App. Div. 1975)).

"On appeal, we engage in a de novo review from a trial court's decision to grant or deny a motion to dismiss filed pursuant to Rule 4:6-2(e)."  Smith v.

12

<u>Datla</u>, 451 N.J. Super. 82, 88 (App. Div. 2017) (citing <u>Rezem</u>, 423 N.J. Super. at 114). "We owe no deference to the trial court's conclusions." <u>Rezem</u>, 423 N.J. Super. at 114. We will uphold the dismissal if "the factual allegations are palpably insufficient to support a claim upon which relief can be granted." <u>Rieder</u>, 221 N.J. Super. at 552.

The issues presented in this matter do not require extended discussion. The trial court dismissed the majority of plaintiff's claims based solely on the class certification in <u>Polonco</u>, concluding the class certification divested it of jurisdiction. We subsequently decertified the class. <u>Polonco</u>, slip op. at 25. In light of our ruling, defendants do not dispute that plaintiffs can pursue their claims individually.

Assuming the facts alleged by plaintiffs in their complaints are true, and affording them all reasonable inferences, plaintiffs adequately pleaded causes of action for violation of the CFA, common law fraud, and misrepresentation against Star. The trial court erred by dismissing those claims against Star.[5] We vacate the dismissal of those claims and remand this matter for the parties to engage in discovery.

---

[5] We further note that the record before us does not contain any factual findings, analysis, or legal conclusions by the trial court on May 13, 2016. This too was error. <u>R.</u> 1:7-4(a).

A-3028-17T4

Paragraphs two and five of the May 13, 2016 order State:

> #2 – All NJCFA and common law fraud claims by all plaintiffs in these consolidated cases asserted against all individual defendants and Quad Partners, LLC are dismissed without prejudice.
>
> #5 – Plaintiffs in Guzman and Silva voluntarily dismiss with prejudice [p]laintiffs' claims against Quad other than the NJCRA and common law fraud claim, i.e., breach of contract, breach of warranty and strict liability.

The order does not state it is a consent order. On this record, we are unable to determine if the order was consented to by counsel as to just form or also as to entry. We vacate the dismissal of plaintiffs' CFA and common law fraud claims against the Star individual defendants and Quad and remand those claims. Plaintiffs shall be afforded a reasonable period to amend their complaint as to those claims and to engage in discovery.

Plaintiffs have not briefed the dismissal of their claims for breach of contract and breach of warranty. Nor have they briefed the dismissal of their claims for strict liability and educational malpractice. We deem those issues waived. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived."). We affirm the dismissal of the breach of contract, breach of warranty claims, strict liability, and educational malpractice claims.

14

Guzman was not a member of the Polonco class. We affirm the dismissal of her claims against Star and the Star individual defendants with prejudice pursuant to the stipulation of dismissal she executed. We discern no basis to overturn the dismissal of those claims as a result of the resolution of her claims against defendants. Guzman does not argue otherwise.

Guzman seeks a remand of her claims against Quad. We find no basis to do so. The stipulation of dismissal states "the claims brought by Evelyn Guzman . . . in the actions consolidated under docket number CAM-L-780-15, are dismissed with prejudice." The stipulation of dismissal encompasses all of Guzman's claims in the Guzman Action; it does not preserve Guzman's claims against Quad. The stipulation of dismissal is binding and enforceable. The dismissed claims cannot be resurrected or pursued.

In light of these rulings, we do not reach the other issues raised by plaintiffs.

Affirmed in part and vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3028-17T4